IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND MATHIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:20-CV-308-MHT-JTA |
| | ) | [WO] |
| DONALD VALENZA, SHERIFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Plaintiff Raymond Mathis ["Mathis"], an inmate incarcerated at the Houston County Jail in Dothan, Alabama, brings this 42 U.S.C. § 1983 action against Sheriff Donald Valenza, Mayor Saliba, Commissioner Tony Weber, Commander Brazier, Commander Moore, and Jason Smoak.[1] Mathis complains he is being denied access to a licensed medical doctor. For relief, Mathis requests an investigation of Defendant Smoak by the Alabama Attorney General's office, a court order he be seen by a licensed physician, an investigation into the medical practice at the Houston County Jail, and $50,000 for pain and suffering. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

---

[1] In the complaint Mathis lists the names of five individuals who he indicates are "addition to plaintiffs." Doc. 1 at 2. The named individuals, however, have not affixed their signature to the complaint nor have they either submitted individual requests for leave to proceed *in forma pauperis* or paid the requisite filing and administrative fees when not proceeding *in forma pauperis*. Nonetheless, the Prison Litigation Reform Act of 1996 requires "each individual prisoner to pay the full amount of the required [filing] fee." *Hubbard v. Haley,* 262 F.3d 1194, 1195 (11th Cir. 2001). Multiple prisoners are, therefore, not entitled to enjoin their claims in a single cause of action. *Id*. The individuals listed in Plaintiff's complaint, however, are free to file a complaint on their own behalf.

## II.  STANDARD OF REVIEW

Because Mathis is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this

---

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,  557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

     *Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While, the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. Finally, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II.  DISCUSSION

Since December 19, 2019, Mathis claims he has not been allowed to see a licensed medical doctor. It was April 8, 2020, when Mathis learned Defendant Smoak is a Physician's Assistant (P.A.) and not a doctor. Despite submitting several requests to be seen by a doctor, Mathis was seen by Defendant Smoak who he claims gave the appearance of being a doctor giving no indication to the contrary. Mathis has several medical conditions—kidney disease, diabetes, high blood pressure, chronic back pain, mental health issues—which he asserts Defendant Smoak is not qualified to treat. Mathis maintains that "by law [he] ha[s] the right to see a licensed M.D." Doc. 1 at 3–4.

Although not expressly stated, Mathis' allegations indicate he seeks to hold Defendants liable under the Eighth Amendment for a denial of adequate medical care because he has been evaluated and treated for his medical conditions by a P.A. and not a physician.[3] To state a plausible Eighth Amendment violation in this context, Mathis must show Defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 831 (1994).  To establish "deliberate indifference to [a] serious medical need . . ., [Mathis] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc*., 588 F.3d 1291, 1306–07 (11th Cir. 2009).  When seeking relief based on deliberate indifference, an inmate is required to show "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual

---

[3] The court takes judicial notice of its own records which reflect Mathis has recently filed several civil actions with this court. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987). These records show Mathis is a convicted inmate based on his arrest in December of 2019 as a parole violator. *See e.g., Mathis v. Connie,* Civil Action No. 1:20-cv-41-ALB, Doc. 18-1 at 14 (M.D. Ala.). Mathis' allegation of inadequate medical care, is therefore, addressed under the Eighth Amendment.

inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (holding that, for liability to attach, the official must know of and then disregard an excessive risk of harm to the prisoner). Regarding the objective component of a deliberate indifference claim, Mathis must first show "an objectively serious medical need[] . . . and second, that the response made by [a defendant] to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligen[ce] in diagnos[is] or treat[ment], or even [m]edical malpractice actionable under state law." *Taylor*, 221 F.3d at 1258 (internal quotation marks and citations omitted); *see also Estelle*, 429 U.S. at 106 (holding that neither negligence nor medical malpractice "become[s] a constitutional violation simply because the victim is incarcerated."); *Matthews v. Palte*, 282 F. App'x 770, 771 (11th Cir. 2008) (affirming district court's summary dismissal of inmate's complaint because "misdiagnosis and inadequate treatment involve no more than medical negligence").

Deliberate indifference requires a defendant have subjective knowledge of the risk of harm. *Farmer*, 511 U.S. at 837. Mere negligence or a failure to act reasonably is not enough. *Estelle*, 429 U.S. at 105-06. The defendant must have the subjective intent to cause harm. *Id.* at 104. Whether Mathis received the treatment he felt he should have is not the issue. *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a § 1983 cause of action. *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985) (quotation marks and citations omitted) (explaining that "where a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law"); *see also Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (absent a reason to believe, or actual knowledge, that medical

staff is administering inadequate medical care, non-medical prison personnel are not chargeable with the Eighth Amendment scienter requirement of deliberate indifference); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."). Consequently, in order to state an Eighth Amendment claim, Mathis must show he suffered from an objectively serious medical need and Defendants were subjectively indifferent to that need.

Assuming, *arguendo,* Mathis suffered from objectively serious medical conditions during the relevant time period, he has failed to allege facts which support the subjective component of an Eighth Amendment claim. Mathis' complaint alleges no facts which indicate how Defendant Smoak or any other defendant acted intentionally or recklessly to deny or delay medical care or how these Defendants acted with "an attitude of deliberate indifference" towards his medical problems. *Taylor*, 221 F.3d a 1258. No facts have been alleged which indicate that the conduct of any defendant exposed Mathis to a serious risk of harm or that they in any way disregarded a substantial risk to his health. While Mathis complains in general about a denial of adequate or appropriate medical care because his requests for medical care where evaluated and treated by a physician's assistant instead of a licensed doctor, to assert a constitutional claim he must present "at least some allegation of a conscious or callous indifference" by Defendants regarding his medical care and treatment. *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986).

Here, it is clear from the complaint that Mathis was seen and treated by medical personnel at the county jail in response to his requests for medical care albeit not by the medical professional preferred. There is no allegation that Mathis was denied necessary medical treatment or that any defendant prevented or denied him access to medical personnel capable of evaluating or providing

the need for treatment. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). As explained, deliberate indifference is not established where an inmate received care but desired different modes of treatment. *Hamm*, 774 F.2d at 1575. And Mathis does not otherwise allege facts which indicate that any defendant had actual knowledge or awareness of an obvious risk to his serious medical needs and failed to take steps to abate that risk or that they disregarded a substantial risk to his health by the manner or mode in which his medical care was evaluated or administered. Therefore, Mathis's dissatisfaction with his medical care and treatment albeit not by the medical professional preferred, without more, fails to state a violation of his constitutional rights. *Hamm*, 774 F.2d at 1574; *Ramos*, 639 F.2d at 575.

In light of the foregoing, the court concludes that Mathis's complaint against Defendants is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted under the Eighth Amendment.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim on which relief may be granted;

2. The complaint be DISMISSED prior to service of process.

3. Judgment be ENTERED in favor of Defendants.

It is further

ORDERED that **on or before July 27, 2020**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous,

conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed factual findings and legal conclusions in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (explaining that "[w]hen the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 10th day of July, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE